UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 6:22-cv-00411

JANE DOE, by and through MOTHER DOE, as
Parent and Natural Guardian,

        Plaintiff,

vs.

THE SCHOOL BOARD OF ORANGE COUNTY,
FLORIDA,

        Defendant.
_____

## COMPLAINT

Plaintiff, JANE DOE, by and through MOTHER DOE, as her parent and natural guardian, brings this Complaint against Defendant, THE SCHOOL BOARD OF ORANGE COUNTY, FLORIDA ("SCHOOL BOARD") and states the following:

## JURISDICTION, VENUE AND PARTIES

1. JANE DOE is a resident of Osceola County, Florida, and is not *sui juris* by virtue of her minority. As such, MOTHER DOE brings this action on behalf of JANE DOE as her parent and natural guardian. Plaintiff is identified by a pseudonym because this matter concerns the sexual assault of a minor and requires disclosure of facts of the utmost intimacy. The identity of the Plaintiff has been provided to the Defendant prior to the service of this Complaint.

2. Defendant, SCHOOL BOARD, is a political subdivision or agency of

Orange County, Florida. Defendant operates, controls, and supervises the public school system in Orange County, Florida, also known as Orange County Public Schools ("OCPS"), which includes Castle Creek Elementary School in Orange County, Florida ("Castle Creek" or the "School").

3. At all relevant and material times, JANE DOE was a student at Castle Creek.

4. The Court has federal question subject matter jurisdiction of this action pursuant to 28 U.S.C. §§1331 and 20 U.S.C. §1681(a).

5. The Court has venue of this action under 28 U.S.C. §1391 as the Defendant resides in this District and the events and omissions giving rise to the claim occurred in this District.

**FACTUAL ALLEGATIONS**

**A.    Background**

6. JANE DOE was born in October 2007. At all relevant and material times, JANE DOE was a student at Castle Creek.

7. At all relevant and material times, Julio Soto ("Soto") was a fifth-grade teacher at Castle Creek. Due to the nature of Soto's position, Soto had direct access to minor students.

8. At all relevant times, Dr. Monica Johnson was the principal at Castle Creek. Dr. Johnson was a SCHOOL BOARD administrator in charge of the School,

and had duties and responsibilities as set forth in Florida Statute §1012.28 and School Board rules and regulations.

9. At all relevant and material times, Nicole Herber was the assistant principal at Castle Creek. Ms. Herber was a SCHOOL BOARD administrator at the School, and had duties and responsibilities as set forth in the School Board rules and regulations.

10. Assistant Principal Herber and Principal Johnson had a duty to supervise employees assigned to the School, including Soto, and had a duty to protect the safety of children on the School's premises.

### B. Prior Actual Notice to the SCHOOL BOARD of Soto's Inappropriate Touching of Female Students.

11. In approximately April of 2017, multiple female students at Castle Creek complained to Castle Creek administrators that Soto inappropriately touched them. In response, Assistant Principal Herber issued Soto a written reprimand for his inappropriate behavior.

12. Upon information and belief, Principal Johnson delegated full and complete authority to Assistant Principal Herber to respond to allegations of educator sexual misconduct and institute appropriate corrective measures.

13. The written reprimand was documented in Soto's personnel file.

14. Then, in approximately February of 2018, Soto inappropriately touched

another female student at Castle Creek.

15. Upon information and belief, the female student reported Soto's actions to her parents, who then reported it to the School and Principal Johnson. Upon information and belief, Principal Johnson was aware of Soto's previous April 2017 reprimand. Upon information and belief, Assistant Principal Herber was aware of this February 2018 report against Soto.

16. Upon information and belief, Dr. Leigh Ann Bradshaw, an area superintendent with the SCHOOL BOARD, spoke to the female student's father after the incident occurred.

17. Upon information and belief, a parent-teacher conference was held, and the student was directed to stay away from Soto.

18. Upon information and belief, no other corrective measures were undertaken. Upon information and belief, Castle Creek failed to conduct any further investigation into this incident, and the incident was not reported to the Department of Children and Families or to law enforcement at the direction of Principal Johnson.

**C.  The SCHOOL BOARD was Deliberately Indifferent to Sexual Misconduct of Soto.**

19. Even after these incidents involving multiple female students occurring less than a year apart, Soto continued to be employed as a teacher at Castle Creek and was given unfettered and unsupervised access to female students.

20. Assistant Principal Herber, Principal Johnson, and the SCHOOL BOARD failed to take any action in response to Soto's multiple prior incidents involving inappropriate touching of female students.

21. Upon information and belief, in the years that followed, no parents of children at Castle Creek were ever advised of Soto's inappropriate behavior or warned of the danger to children posed by Soto.

22. Soto's continued employment at Castle Creek, as well as unsupervised and unfettered access to female students, was open, obvious and known to administrators and staff at Castle Creek, including Assistant Principal Herber and Principal Johnson.

**D.  Soto's Sexual Assaults of Jane Doe.**

23. Plaintiff Jane Doe attended Castle Creek for kindergarten through fifth grade.

24. During the 2018 – 2019 school year, Jane Doe was approximately eleven (11) years old and in fifth grade.

25. Soto was Jane Doe's fifth grade teacher and gained her trust through his position.

26. One day in approximately February of 2019, Jane Doe was unable to participate in physical education. Instead, Soto requested that Jane Doe come to his classroom alone.

27. Soto then proceeded to sexually assault Jane Doe in his classroom at Castle Creek.

28. After several weeks of internal anguish, Jane Doe informed her friend and Ms. Sullivan, her English teacher, about Soto's sexual assault in approximately March of 2019. Ms. Sullivan then reported it to Principal Johnson.

29. Soto's abuse was reported to the police and Soto was eventually arrested and criminally charged with lewd or lascivious molestation (victim less than 12 years old), a first-degree felony.

30. As a direct and proximate result of Soto's acts of sexual abuse, Jane Doe has suffered and will continue to suffer severe and permanent physical and psychological injuries, including without limitation, mental anguish, pain and suffering, and loss of enjoyment of life.

### COUNT I
### (Violation of Title IX, Education Amendments of 1972 - 20 U.S.C. §1681 et seq. – Against SCHOOL BOARD)

31. Plaintiff Jane Doe repeats and re-alleges the allegations set forth in paragraphs 1 through 30 above.

32. At all relevant times, the education program at Castle Creek received federal financial assistance.

33. Jane Doe had a right to not be subject to sexual discrimination, harassment or abuse while she participated in Castle Creek's education program

receiving federal financial assistance.

34. Upon information and belief, the SCHOOL BOARD had actual notice that Soto posed a grave danger to students in the school of sexual abuse and molestation. The prior reports of Soto's inappropriate touching of female students alerted Castle Creek, the SCHOOL BOARD, and their agents and representatives, to Soto's propensity to commit sexual abuse.

35. Upon information and belief, Assistant Principal Herber, Principal Johnson, and other SCHOOL BOARD officials with actual notice, had authority to address the acts of inappropriate touching by Soto and institute corrective measures.

36. Upon information and belief, the decisions of Assistant Principal Herber, Principal Johnson, and the SCHOOL BOARD to allow Soto unfettered and unsupervised access to female students subsequent to the numerous reports of inappropriate touching of female students, without instituting any corrective measures, were official decisions to ignore the danger of sexual abuse to the children in their care.

37. In response to actual notice that Soto posed a danger of sexual abuse and molestation to children at Castle Creek, Assistant Principal Herber, Principal Johnson, Castle Creek and the SCHOOL BOARD could have instituted any of a number of corrective measures that would have prevented the sexual abuse of Jane Doe, including without limitation; (i) terminating Soto from his position at Castle

Creek; (ii) placing Soto under heightened supervision; (iii) reassigning Soto to a position where he did not have supervision and control of minor females; (iv) instituting a "no tolerance" or similar policy which warned Soto that any allegation of misconduct would result in his termination; (v) instituting such other or additional measures to control Soto and/or protect female students; and/or (vi) any such other action reasonably intended or designed to prevent Soto from engaging in sexual misconduct with a student.

38. Despite receipt of actual notice, Assistant Principal Herber, Principal Johnson, the SCHOOL BOARD, and its agents and representatives, acted with deliberate indifference in failing to (i) terminate Soto from his position at Castle Creek; (ii) place Soto under heightened supervision; (iii) reassign Soto to a position where he did not have supervision and control of minor females; (iv) institute a "no tolerance" or similar policy which warned Soto that any allegation of misconduct would result in his termination; (v) institute such other or additional measures to control Soto and/or protect female students; and/or (vi) any such other action reasonably intended or designed to prevent Soto from engaging in sexual misconduct with a student.

39. As a result of this gross failure to act, Jane Doe was sexually abused by Soto.

40. Jane Doe has suffered damages as a result of Defendant SCHOOL

BOARD's failure to respond to actual notice of Soto's sexual deviancy and the risk he posed to young girls.

WHEREFORE, Plaintiff demands compensatory damages, attorneys' fees, punitive damages, and fees and costs pursuant to 42 U.S.C. §1988, and such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury and all issues so triable as a matter of right.

Dated: February 24th, 2022.                    Respectfully submitted,

By: */s/ Andrew T. Silvershein*
Jeffrey M. Herman (FL Bar No. 521647)
jherman@hermanlaw.com
Stuart S. Mermelstein (FL Bar No. 947245)
smermelstein@hermanlaw.com
Andrew T. Silvershein (FL Bar No. 118426)
asilvershein@hermanlaw.com
Herman Law
1800 N. Military Trail, Ste. 140
Boca Raton, FL 33431
Tel: (305) 931-2200
Fax: (305) 931-0877

*Attorneys for Plaintiff*