**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JANE DOE,

        Plaintiff,

v.                                      Case No:   6:22-cv-411-PGB-LHP

THE SCHOOL BOARD OF ORANGE
COUNTY, FLORIDA

        Defendant.

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **PLAINTIFF'S MOTION FOR ORDER AUTHORIZING USE OF PSEUDONYM, FOR FILING PLAINTIFF'S REAL NAMES UNDER SEAL, AND MEMORANDUM OF LAW IN SUPPORT (Doc. No. 2)**
>
> **FILED:**   February 24, 2022
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

This case concerns allegations that Plaintiff, Jane Doe, was the victim of sexual assault when she was a minor.  Doc. No. 1.  Jane Doe, who is still a minor, brings this case by and through her parent and natural guardian, Mother Doe.  *Id.*

With the filing of the complaint, Plaintiff has filed the above-styled motion, in which she asks that the Court permit her and Mother Doe to proceed under pseudonyms due the allegations of the complaint, which "disclose information of the utmost intimacy, which are of a sexual nature . . . [and] include a description of explicit sexual acts."  Doc. No. 2.  Moreover, she notes that she is still currently a minor, and that identifying Mother Doe in these proceedings would, as a practical matter, disclose her identity.  *Id.* at 3.  Defendant has not yet appeared in this case, but the record reflects service on February 28, 2021.  Doc. No. 8.

Federal Rule of Civil Procedure 10(a) creates a presumption that every pleading filed in this Court must name all parties.  Rule 10(a) "protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties."  *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992) (citations omitted).  "The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'"  *Id.* (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. Unit A 1981)).

The Eleventh Circuit has developed a multi-factor balancing test to determine whether a plaintiff has shown that he or she has a substantial privacy right that outweighs the presumption of openness in judicial proceedings. *Plaintiff B v. Francis*, 631 F.3d 1310, 1315–16 (11th Cir. 2011) (quoting *Frank*, 951 F.2d at 323). The Court should consider: (1) whether the plaintiff seeking anonymity is challenging government activity; (2) whether the plaintiff must "disclose information of the utmost intimacy"; (3) whether the plaintiff will be compelled to admit illegal conduct, thus risking criminal prosecution; (4) whether the party is a minor; (5) whether the party will be exposed to physical violation if required to proceed in his or her own name; and (6) whether proceeding under a pseudonym "poses a unique threat of fundamental unfairness to the defendant." *Fla. Action Comm., Inc. v. Seminole Cty.*, No. 6:15-cv-1525-Orl-40GJK, 2016 WL 6080988, at *2 (M.D. Fla. Oct. 18, 2016) (citing *Plaintiff B*, 631 F.3d at 1316). The list is non-exclusive, and courts may consider other factors based on the particularities of the case. *Id.* Whether a party will be permitted to proceed anonymously is a matter within the court's discretion. *Plaintiff B*, 631 F.3d at 1315.

Upon consideration, the Court is persuaded that, in consideration of these factors, allowing Plaintiff and Mother Doe to proceed anonymously is appropriate at this time. However, because Defendant has not yet appeared in this action and has not had an opportunity to respond to the motion, the Court finds that the

motion is due to be granted without prejudice to Defendant's right to oppose. *See Doe v. Rollins College*, No. 6:18-cv-1069-Orl-37KRS, Doc. No. 15 (M.D. Fla. July 16, 2018) (granting request to proceed anonymously without prejudice to the defendant's right to raise the issue once the defendant appeared in the case).

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Motion for Order Authorizing Use of Pseudonym, for Filing Plaintiff's Real Names Under Seal (Doc. No. 2) is **GRANTED in part**. Plaintiff Jane Doe and Mother Doe will be permitted to proceed anonymously in this case. The Motion (Doc. No. 2) is **DENIED without prejudice in all other respects**.[1]

2. Within **twenty-one (21) days** of Defendant's appearance in this matter, Defendant may file a motion challenging proceeding anonymously. Absent such motion, or an Order to the contrary, this Order will continue in effect until final disposition of this action.

---

[1] The Court notes that the motion includes a one-sentence request that Jane Doe and Mother Doe "be allowed to file a statement of their real names under seal." Doc. No. 2, at 3. The motion does not demonstrate that such procedure is necessary at this time. If appropriate, either party may renew this request as to any particular documents at issue they believe must be filed under seal, which must be made by motion in compliance with Local Rule 1.11.

**DONE** and **ORDERED** in Orlando, Florida on March 3, 2022.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties